UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MOHAMED AHMED MOHAMED,**

                Plaintiff,

  v.                                        **Case No. 16-cv-1314-pp**

**CO ISACC and
CO HAYNES,**

                Defendants.

---

**DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WUTHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING THE PLAINTIFF'S COMPLAINT (DKT. NO. 1)**

---

The plaintiff, an Immigration and Customs Enforcement ("ICE") detainee who is representing himself, filed a complaint alleging that the defendants violated his civil rights while he was detained at the "Kenosha County Sheriff Detentions." Dkt. No. 1 at 2. This order resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee and screens the complaint.

**I.**    *IN FORMA PAUPERIS* **STATUS**

A district court may authorize a plaintiff to proceed without prepayment of the filing fee if the plaintiff submits an affidavit setting forth the assets he possesses, swears that he is unable to pay the fees, and states that he is entitled to redress. 28 U.S.C. §1915(a). The plaintiff filed such an affidavit on October 3, 2016. Dkt. No. 2. He states that he a Somalian citizen, dkt. no. 1 at 1, is unemployed, has no property or assets, and has no money in his checking

1

account, dkt. no. 2. Based on the plaintiff's affidavit, the court is satisfied that he meets the requirements for proceeding without prepayment of the filing fee. Therefore, the court will grant the plaintiff's motion to proceed without prepayment of the filing fee.

**II. SCREENING OF THE PLAINTIFF'S AMENDED COMPLAINT**

  A. Standard for Screening Complaints

The court is required to screen complaints brought by individuals proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The court may dismiss a case, or part of it, if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim under the federal notice pleading system, plaintiffs must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Indeed, allegations must "raise a right to relief above the speculative level."

2

Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis set forth in Twombly to determine whether a complaint states a claim. Iqbal, 556 U.S. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not support by facts "are not entitled to the assumption of truth." Id. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  Facts Alleged in the Proposed Complaint

The plaintiff currently is detained at the Pulaski County Jail in Ullin, Illinois. (The clerk's office learned of this when it sent the plaintiff a notice at the Kenosha facility, and it was returned with a notation that he was not in custody.) The events in the complaint occurred while the plaintiff was detained at the Kenosha County Detention Center. Dkt. No. 1 at 2.

On September 10, 2016, the plaintiff attempted to file a "sick call form" during second shift. Id. Correctional Officer Haynes refused to take the form, and accused the plaintiff of possessing a pen. Id. Haynes then searched the plaintiff's cell to look for the pen, because (according to the plaintiff) Hayes "wanted to retaliate against [the plaintiff] and violate [the plaintiff's] rights." Id.

3

The plaintiff asked to speak to a supervisor; that request "was denied," although the plaintiff doesn't say by whom. Id. The plaintiff "took further measures" to get a supervisor's attention, but he still cooperated when Haynes and Correctional Officer Isacc told him to "cuff up." Id. at 2-3. The plaintiff alleges that Hayes and Isacc "deliberately restrained" him while they searched his cell for the pen. Id. at 3. Haynes and Isacc threw the plaintiff on the ground and twisted his hand. Id. at 3. For relief, the plaintiff seeks monetary damages for pain and suffering and that his punishment be "overturned." Id. at 4.

C. Legal Analysis of Alleged Facts

To state a claim under §1983, the plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under the color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)(citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004).

The plaintiff first alleges that Haynes "retaliated" against him by searching his cell for a pen. Dkt. No. 1 at 2. To state a claim for retaliation, the plaintiff must allege that he: (1) engaged in constitutionally protected activity; (2) suffered a deprivation that would likely deter constitutionally protected activity in the future; and (3) the constitutionally protected activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. Bridges v. Gilbert, 557 F.3d 541, 553 (7th Cir. 2009).

The plaintiff states that his attempt to file an "inmate request" for medical services caused Haynes to "retaliate" against him. Inmates have a constitutional right to file "inmate grievances" to seek "administrative remedies that must be exhausted before a prisoner can seek relief in court." See DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000). There is a difference, however, because a *grievance* and a *request*; inmates do not necessarily have a constitutional right to file inmate "requests." Here, though, the plaintiff's "request" sought medical services, which implicates his Eighth Amendment right to medical care. Arguably, the Constitution would protect an inmate's right to ask for medical help.

The issue here, however, is not whether the plaintiff's right to make a request was constitutionally protected, but whether the reason Haynes search his cell was to retaliate against him for making that request. The plaintiff himself says that Haynes searched his cell to look for the pen that the plaintiff used to draft his request. A pen constituted an item of contraband that the plaintiff was not permitted to have in his cell. When Haynes saw that the plaintiff had written out his request with a pen, Haynes had reason to believe that the plaintiff possessed a pen, and to search the plaintiff's cell for that pen. Although the plaintiff states, without any further explanation, that Haynes searched his cell in retaliation, the court has to review the facts supporting that statement when deciding whether he states a claim. Based on the facts the plaintiff himself has provided, the court concludes that the plaintiff has not stated a claim for retaliation against Haynes. See Thomas v. Farley, 31 F.3d

5

557, 559 (concluding that a plaintiff can "plead[] himself out of court" by including particular facts showing that he has no claim.)

The plaintiff also alleges that Haynes and Isacc "deliberately restrained" him while they searched for the pen. Dkt. No. 1 at 3. He states that the defendants "threw" him on the ground, "up against the wall," and "twisted [his] hand in pain while [he] was in handcuffs." Id. The plaintiff may be attempting to assert an excessive force claim.

In the prison context, courts analyze the question of whether a prison employee used excessive force against an inmate under the Eighth Amendment's prohibition against cruel and unusual punishment. See Hudson v. McMillan, 503 U.S. 1 (2992). In order to prove a claim of excessive force in this context, the plaintiff mush show "that officials applied force 'maliciously and sadistically for the very purpose of causing harm;'" in other words, the inmate must prove "that officials used force with 'a knowing willingness that [harm] occur.'" Farmer v. Brennan, 511 U.S. 825, 835-36 (1970), quoting Hudson, 502 U.S. at 6-7. The facts the plaintiff alleges are not sufficient to support a claim that the defendants either pushed him against the wall or twisted his hand with the intent to hurt him.

The plaintiff also may be trying to state a claim that he was subjected to unconstitutional conditions of confinement under the Eighth Amendment. To prove a conditions-of-confinement claim, a plaintiff must show that that "(1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether

6

the prison official's actual state of mind was one of 'deliberate indifference' to the deprivation." Perales v. Bowlin, 644 F. Supp. 2d 1090, 1096 (N.D. Ind. 2009) (quoting Farmer, 511 U.S. at 834. The plaintiff must show that the deprivation of his rights was "sufficiently serious," which requires proof of "extreme deprivations." Delaney v. DeTella, 256 F.3d 679, 683 (7th Cir. 2001 (quoting Henderson v. Sheahan, 196 F.3d 839 (7th Cir. 1999) and Farmer, 511 U.S. at 834). He also must show that the defendants acted with "'deliberate indifference' to inmate health or safety." Id. at 834, quoting Wilson v. Seiter, 501 U.S. 294, 302-303 (1991). "Deliberate indifference" is more than mere negligence, but less than acting with the intent to harm someone. Id. at 835.

Again, the plaintiff has not stated sufficient facts to allow him to proceed on a conditions of confinement claim. He his alleged, at most, that on one occasion, for a brief period, the defendants treated him somewhat roughly. He does not allege the sort of "extreme" deprivation necessary to allow him to proceed on a conditions-of-confinement claim. Nor does he allege an injury, beyond alleging that it hurt when the defendants twisted his hand while he was in handcuffs. The court agrees that this incident likely was unpleasant for the plaintiff, but in order for his claim to rise to the level of *constitutional* violation, he must allege more than one incident of rough handling and unpleasantness.

Because the plaintiff has not alleged sufficient facts to support claims that defendant Hayes retaliated against him, or that the defendants used excessive force or subjected him to unconstitutional conditions of confinement, the court will dismiss the case for failure to state a claim.

7

### III. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The plaintiff shall pay the **$350** filing fee to the Clerk of Court as he is able. He must clearly identify those payments by the case name and number.

The court further **ORDERS** that this case is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

The court also **ORDERS** the Clerk of Court to document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty (30) days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight (28) days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2).

Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 10th day of January, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge